**Yancey L. WHITE, Petitioner,**

v.

**Joseph SCIBANA,[1] Respondent.**

No. 03–C–581–C.

United States District Court,
W.D. Wisconsin.

April 23, 2004.

---

1. In his petition, petitioner identifies the respondent as "Warden Scibana." It has come to my attention that respondent's full name is "Joseph Scibana." I have corrected the caption accordingly.

See also 2003 WL 23171593.

Emily M. Feinstein, Quarles & Brady, Madison, WI, for Petitioner.

Steven P. O'Connor, Assistant U.S. Attorney, Madison, WI, for Respondent.

## OPINION AND ORDER

CRABB, Chief Judge.

Under 18 U.S.C. § 3624(b), a federal prisoner may earn up to 54 days of good conduct time for every year of his "term of imprisonment." The question presented in this petition for a writ of habeas corpus is one of first impression in this circuit: whether § 3624(b) requires the Bureau of Prisons to calculate an inmate's good conduct time on the basis of the inmate's sentence rather than on the time he has actually served. In an order dated December 22, 2003, I concluded that petitioner Yancey White had raised a substantial question about the bureau's method of calculating good conduct time. I ordered

respondent Scibana to show cause why the petition should not be granted.

■ The parties agree that 28 U.S.C. § 2241 is the proper vehicle for challenging the calculation of good conduct time, *Bell v. United States,* 48 F.3d 1042 (8th Cir.1995), that petitioner has properly exhausted his administrative remedies, *Clemente v. Allen,* 120 F.3d 703, 705 (7th Cir. 1997), and that this court has jurisdiction to hear the petition. *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 494–96, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). After considering respondent's arguments supporting the bureau's interpretation, I conclude that § 3624(b) is unambiguous: "term of imprisonment" means "sentence imposed." Therefore, the bureau must calculate an inmate's good conduct time on the basis of his sentence rather than on the time he has served. In other words, if a prisoner is sentenced to a 10–year term of imprisonment, he may earn up to 540 days of good conduct time in the absence of a disciplinary infraction. The bureau may not limit the application of good conduct time to the amount of time the inmate has already served. Accordingly, I will grant the petition for a writ of habeas corpus and order respondent to recalculate petitioner's good conduct time as § 3624(b) directs.

I find the following facts from the record.

## FACTS

Petitioner Yancey White is an inmate at the Federal Correctional Institution at Oxford, Wisconsin. In August 1996, the United States District Court for the Southern District of Illinois sentenced petitioner to 120 months in prison after he was convicted of three counts of distributing cocaine base.

In March 2003, petitioner filed a request for an administrative remedy, arguing that under 18 U.S.C. § 3624, he was to receive "54 days [of good conduct time] for every year that [he] was given by the sentencing judge." Petitioner believed his projected release date should be December 2004 rather than February 2005 as the Bureau of Prisons had calculated. The warden denied petitioner's request for an administrative remedy, explaining that

54 days of GCT [good conduct time] may be earned for each full year served on a sentence in excess of one year, with the GCT being prorated for the last partial year. Since you will not be in service of a complete 120 months, you cannot calculate your GCT credits by 120 months by 54 days. Applying this formula, you are entitled to 470 days GCT for a 120–month sentence.

The regional director affirmed the warden's decision, writing that § 3624(b) "mandates GCT be awarded on the amount of time actually served, not on the length of the term imposed." Petitioner appealed to the administrator for national inmate appeals, who affirmed, stating that "the Bureau of Prisons computed your sentence as required by the Program Statement 5880.28, *Sentence Computation Manual—CCA* and all applicable statutes."

In December 2003, staff at the prison in Oxford prepared an updated computation for petitioner. After subtracting 10 days of good conduct time for a rule violation in April 2003, staff calculated that petitioner's projected release date was March 3, 2005.

## DISCUSSION

The issue in this case is whether the Bureau of Prisons' method for calculating good conduct time is consistent with 18 U.S.C. § 3624(b). That section provides:

(b) Credit toward service of sentence for satisfactory behavior.—

(1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a

term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term .... Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b)(1).

The bureau has promulgated a regulation interpreting this provision as awarding good time credit on the basis of "each year served." 28 C.F.R. § 523.20. In Program Statement 5880.28, the bureau has set forth the formula it uses to calculate good conduct time. Under the bureau's formula, an inmate that receives a sentence of one year and one day can earn up to 47 days of good conduct time rather than 54 days.

 When a court reviews an agency's interpretation of a federal statute, the threshold question is whether the interpretation is entitled to deference. The Supreme Court has applied varying levels of deference depending on the context of the interpretation. *E.g.*, *Alaska Department of Environmental Conservation v. EPA*, — U.S. —, 124 S.Ct. 983, 157 L.Ed.2d 967 (2004) (internal guidance memoranda entitled to "respect" but not "dispositive force"); *Yellow Transportation, Inc. v. Michigan*, 537 U.S. 36, 45, 123 S.Ct. 371, 154 L.Ed.2d 377 (2003) (regulation promulgated after notice and comment entitled to highest level of deference when Congress has expressly authorized agency to promulgate rules). Regardless of the context of the interpretation, the agency is entitled to no deference if Congress has expressed its intent unambiguously in the statute. *FDA v. Brown & Williamson Tobacco*

*Corp.*, 529 U.S. 120, 125–26, 120 S.Ct. 1291, 146 L.Ed.2d 121 (2000). Agencies may fill gaps in ambiguous statutes; they may not contradict a statute's plain language. Further, a court should conclude that a statute is ambiguous and thus open to gap-filling by agencies "only when the devices of judicial construction have been tried and found to yield no clear sense of congressional intent." *General Dynamics Land Systems, Inc. v. Cline*, — U.S. —, 124 S.Ct. 1236, 1248, 157 L.Ed.2d 1094 (2004).

In the December 22, 2003 order, I concluded that the pivotal clause in § 3624(b) is the one stating that an inmate may earn up to 54 days of good conduct time "at the end of each year of the prisoner's term of imprisonment." That clause raised the question whether the phrase "term of imprisonment" means "sentenced imposed" or "time served." If "term of imprisonment" refers to the sentence, an inmate's maximum potential good conduct time could be calculated by multiplying 54 days by the number of years in the sentence. In this case, petitioner would have been eligible to earn up to 540 days against his sentence (54 days × 10 years = 540 days). However, if a term of imprisonment is defined by the inmate's actual time served, the number of good time credits that could be earned would be reduced and a more complicated calculation would be required because an inmate that earns good time will not actually serve his full sentence.

As an initial matter, respondent challenges the conclusion that the case turns on an interpretation of "term of imprisonment." He argues that the phrase establishes only "which federal inmates are eligible to earn good time credits against their sentences in the discretion of the Bureau." Resp.'s Br., dkt. # 15, at 9. Respondent does not develop this argument and I cannot agree with it. It is true that the statute allows good conduct time only

for those prisoners serving a term of imprisonment of more than one year. But the statute says also that the inmate may receive 54 days of credit for every "year of the prisoner's term of imprisonment." If "term of imprisonment" means "sentence," an inmate would be eligible to receive good conduct time for each year of his sentence rather than for each year he has served. Thus, I adhere to the conclusion in the December 22 order that the bureau has no authority to calculate credits on the basis of time served if § 3624 unambiguously expresses Congress's intent to define "term of imprisonment" as "sentence imposed."

■ In isolation, the phrase "term of imprisonment" is arguably ambiguous. *See American Heritage Dictionary of the English Language* 175 (4th ed.2000) (defining "term" to mean both "[a] limited period of time" and "a period of time that is assigned to a person to serve"). However, words in a statute are not to be read in a vacuum; courts must read the statute as a whole to aid in determining the meaning of each of its parts. *King v. St. Vincent's Hospital,* 502 U.S. 215, 221, 112 S.Ct. 570, 116 L.Ed.2d 578 (1991). A corollary to this rule is that identical words used in different parts of the same statute are presumed to have the same meaning. *Gustafson v. Alloyd Co.,* 513 U.S. 561, 570, 115 S.Ct. 1061, 131 L.Ed.2d 1 (1995).

The phrase "term of imprisonment" is used several times in § 3624. None of the other uses supports a "time served" interpretation of "term of imprisonment" and respondent does not argue to the contrary. For example, the first sentence of § 3624(a) provides, "A prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment, less any time credited . . . ." This sentence can make sense only if a term of imprisonment is another way of saying the sentence imposed. If

"term of imprisonment" means only the time *actually* served, there would be no need to subtract "time credited" to determine the release date because good conduct time would already be taken into account. This sentence is in essence a calculation for time served: Sentence imposed minus good time credited equals time served. There is no other way to read the provision.

Similarly, the first sentence of § 3624(b) provides that any "prisoner who is serving a term of imprisonment of more than 1 year" may earn good conduct time. (Section 3624(c) also refers to "a prisoner serving a term of imprisonment"). Again, this portion of the statute would make no sense if "term of imprisonment" means the time served. An inmate cannot be "serving" time he has already served. In this context, if Congress had intended "term of imprisonment" to mean "time served," it could have used the clause "a prisoner who *has completed* a term of imprisonment of more than one year." Further, a "time served" interpretation of "term of imprisonment" in this clause would make determining eligibility for good conduct time a perplexing process when the sentence is just over one year. For example, an inmate who would initially be eligible for good time credit because his sentence was 366 days would become ineligible once his good conduct time was taken into account.

Even the bureau has interpreted the statute as making good conduct time available when the *sentence* is more than a year. *See* Program Statement 5880.28, *Sentence Computation Manual—CCA* (applying good time credit calculation to sentence of one year and one day), *attached to* Aff. of Christine Hine, dkt. # 15. Respondent does not explain why "term of imprisonment" should mean "sentence imposed" in one part of the statute and "time served" in another part.

It is true that the presumption that terms have a consistent meaning throughout a single statute may be overcome, as the Supreme Court reaffirmed recently. *Cline*, 124 S.Ct. at 1245. However, in *Cline*, the Court concluded that Congress did not intend to define the word "age" uniformly throughout the Age Discrimination in Employment Act because "age" has "several commonly understood meanings among which a speaker can alternate in the course of an ordinary conversation, without being confused or getting confusing." *Id.* at 1246. Unlike the word "age," the phrase "term of imprisonment" is not a common term in casual conversation. Rather, it is a legal term of art that Congress has employed in dozens of statutes, many of which were part of the Comprehensive Crime Control Act of 1984, the same act in which § 3624 was included. Throughout these statutes, Congress has uniformly used "term of imprisonment" as a synonym for "sentence." *E.g.,* 18 U.S.C. § 3147("A term of imprisonment imposed pursuant to this section shall be consecutive to any other sentence of imprisonment."); 18 U.S.C. § 3156(a)(3) ("The term 'felony' means an offense punishable by a maximum term of imprisonment of more than one year."); 18 U.S.C. § 3582 (discussing "factors to be considered in imposing a term of imprisonment"); 18 U.S.C. § 3584(a) ("If multiple terms of imprisonment are imposed on a defendant at the same time . . . ."); 28 U.S.C. § 994(b) ("If a sentence specified by the guidelines includes a term of imprisonment, the maximum of the range established for such a term shall not exceed the minimum of that range by more than 25 per centum."). It is fair to assume that if Congress had intended to make the calculation for good conduct time contingent on time served rather than the sentence imposed, it would not have used a phrase with such a clear and consistent meaning throughout the United States Code. *Firstar Bank, N.A. v.*

*Faul,* 253 F.3d 982, 990 (7th Cir.2001) ("[W]here a word is given a consistent meaning throughout the United States Code, then the courts assume that it has that same meaning in any particular instance of that word.")

To support the bureau's interpretation of the statute, respondent points to 18 U.S.C. § 4161, which governed calculation of good time credits from 1959 until 1987. Section 4161 provided:

> Each prisoner convicted of an offense against the United States and confined in a penal or correctional institution for a definite term other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence beginning with the day on which the sentence commences to run, as follows . . .

According to respondent, § 4161 required the bureau to calculate an inmate's good conduct time on the basis of his sentence because the statute stated expressly that an inmate who behaves "shall be entitled to a deduction from the term of his *sentence.*" *See also* H.R. Rep. 86–935, *reprinted in* 1959 U.S.C.C.A.N. 2518 (noting that purpose of § 4161 was "to provide for the return to the method of computing good conduct time which was followed between 1902 and 1948," namely, "multiplying the number of months of a sentence as imposed by the court by the appropriate number of days as prescribed in the statute").

Respondent argues that it is indicative of legislative intent that Congress chose to change this language in the new version of the statute, but this argument is not persuasive. Replacing "sentence" with "term of imprisonment" does not evince an intent to change the method for calculating good time credits when Congress has used

the terms interchangeably in so many other contexts. If anything, Congress's long history of using an inmate's sentence to calculate good conduct time supports a conclusion that Congress would have been more explicit if it had intended to adopt a different policy. *Firstar Bank*, 253 F.3d at 988 ("The courts presume that Congress will use clear language if it intends to alter an established understanding about what a law means; if Congress fails to do so, courts presume that the new statute has the same effect as the older version."). (Petitioner also cites statements by Senator Joseph Biden, who co-authored the Comprehensive Crime Control Act of 1984, that § 3624(b) was intended to give inmates good time credit of up to 15% of their sentences. 141 Cong. Rec. S2348–01 (Feb. 9, 1995); 140 Cong. Rec. S12314–01, S12350 (Aug. 23, 1994). However, because both of these statements were made well after § 3624 was enacted, their probative value is limited. *Sullivan v. Finkelstein*, 496 U.S. 617, 628 n. 8, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990) (noting "difficulties inherent in relying on subsequent legislative history"); *St. Francis Hospital Center v. Heckler*, 714 F.2d 872, 880 (7th Cir.1983) ("[P]ost enactment history is not the surest guide of the legislative intent in initially passing the Act.").)

Neither the Supreme Court nor the Court of Appeals for the Seventh Circuit has held explicitly that § 3624(b) requires the bureau to calculate good conduct time on the basis of the sentence imposed. However, as petitioner points out, the court of appeals has assumed that an inmate may be able to deduct up to 15% of his or her *sentence* by earning good conduct time (54 days is approximately 15% of one year). *E.g., United States v. Martin*, 100 F.3d 46, 47 (7th Cir.1996) (assuming that inmate could earn 4.5 years of good conduct time on 30–year sentence, or 15%); *see also United States v. Prevatte*, 66 F.3d 840, 846 (7th Cir.1995) (Posner, J., concurring) (assuming that inmate can reduce *sentence* through good conduct time by up to 14.7%).

One court has determined that the meaning of "term of imprisonment" in § 3624 is ambiguous. *Pacheco–Camacho v. Hood*, 272 F.3d 1266 (9th Cir.2001). However, in coming to this conclusion, the court did not consider how the phrase was used in the first sentence of § 3624(a) and the first sentence of § 3624(b)(1), as well as in the rest of the criminal code. Moreover, the court did not take into account the history of the statute showing that Congress intended good conduct time to be deducted from an inmate's sentence. In finding the statute ambiguous, the court relied solely on the last sentence of § 3624(b)(1), which states that "credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence." The court concluded that a "sentence imposed" interpretation of "term of imprisonment" would be "inconsistent" with a requirement to prorate good time credits during the last year of the term. *Pacheco–Camacho*, 272 F.3d at 1268–69.

I respectfully disagree with the conclusion that § 3624(b)(1) is ambiguous because it requires the last year of the term to be prorated. This requirement would support the bureau's interpretation of the statute only if all prison sentences were imposed in whole years. Because defendants in federal court are sentenced to a term of months rather than years, many sentences will end in a number of months after the last full year. Thus, there is nothing inconsistent between prorating good time for the last year of the term and interpreting "term of imprisonment" to mean the sentence. Regardless of the interpretation of "term of imprisonment," an inmate's good time will have to be prorat-

ed when his or her sentence consists of a number of years and some odd months.

In *Pacheco–Camacho,* the court stated that a "sentence imposed" construction would result in a "bonus" to the inmate because he or she will receive credit in advance of earning it. Respondent makes a similar argument. Resp.'s Br., dkt. # 15, at 8 ( ["Petitioner's] proposed calculation allows prisoners to accrue good time credits for time they never serve.") However, this argument has force only if one assumes that the bureau's interpretation is the correct one. If one assumes that "a year" of the "term of imprisonment" is a year of the sentence imposed, then an inmate has completed a year of the term whenever the inmate's time actually served plus good conduct time equals 365 days (*e.g.,* 311 days served + 54 days of good conduct time = 1 year of the term of imprisonment). Thus, the inmate still "earns" all of his good conduct time, but he does so at a faster rate than under the bureau's interpretation of the statute.

Finally, the Court of Appeals for the Ninth Circuit cited *United States v. Johnson,* 529 U.S. 53, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000), to support its conclusion that § 3624(a) does not inform the proper interpretation of § 3624(b). The court's reliance on *Johnson* is puzzling. In that case, the Supreme Court recognized only that under § 3624(e), a "term of supervised release" cannot begin until the inmate has been released from confinement. *Johnson,* 529 U.S. at 58–59, 120 S.Ct. 1114. It did not consider the correct interpretation of the phrase "term of imprisonment" or suggest that words in § 3624 have different meanings in different parts of the statute. Thus, *Johnson* is not instructive in this case.

Respondent makes one other argument not raised by the court in *Pacheco–Camacho:* adopting petitioner's interpretation of § 3624(b) would be contrary to Congress's intent to give the bureau discretion in awarding good conduct time. He relies on *Lopez v. Davis,* 531 U.S. 230, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001), in which the Supreme Court concluded that the bureau had discretion under 18 U.S.C. § 3621(e)(2)(B) to deny a sentence reduction because the statute provides that the bureau "may" reduce sentences under particular circumstances. Respondent notes that § 3624(b) has a similar provision that an inmate "may" receive up to 54 days of credit for each year of the term of imprisonment.

Respondent confuses two very different issues. There is no question that the bureau has discretion to deny good conduct time when it concludes that the inmate's behavior does not warrant it. Petitioner acknowledges that discretion. He is not challenging the bureau's decision to disallow 10 days of good conduct time after he was found guilty of a rule violation. However, discretion in *granting* good conduct time does not translate into discretion for choosing the method for *calculating* good conduct time. The statute does not say that the bureau "may" calculate good conduct time in any way it wants. Rather, the statute uses the phrase "term of imprisonment" as the basis on which good conduct time must be calculated.

■ As noted above, an agency does not have discretion to interpret a statute that is unambiguous. Because I have concluded that Congress had the unambiguous intent to define the phrase "term of imprisonment" to mean "sentence imposed," I conclude that the bureau did not have authority to promulgate a regulation that uses "time served" as the basis for the calculation. The petition must be granted.

### ORDER

IT IS ORDERED that petitioner Yancey White's petition for a writ of habeas

**842**

corpus under 28 U.S.C. § 2241 is GRANTED. Respondent Joseph Scibana is directed to recalculate petitioner's good conduct time on the basis of each year of his *sentence* rather than on time actually served.